887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond L. RYNTZ and Rosemarie Ryntz, Plaintiffs-Appellants,
v.
AFRIMET INDUSSA, INC. et al., Defendants-Appellees.
 No. 88-2104.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants, Raymond and Rosemarie Ryntz, appeal from the order of the district court granting summary judgment for defendants-appellees[1] in this diversity products liability action. This case arose from Raymond Ryntz's employment as a lathe operator and grinder at the Carboloy Systems Division of the General Electric Company ("Carboloy"). Rosemarie Ryntz alleges that during her husband's employment at Carboloy, he was exposed to alleged toxic substances, namely cobalt dust, which caused his injuries and subsequent death. Defendants are companies that supplied cobalt powder to Carboloy during the period of plaintiff's employment. Rosemarie Ryntz argues that defendants failed to warn of the dangers associated with cobalt and such failure gave rise to claims in negligence and breach of implied warranty.
 
 
 2
 Relying on Tasca v. GTE Products Corp., No. 85-2409 (Macomb Cty, Cir.Ct. Jan 26, 1987) and Schmidt v. GTE Products Corp., No. 84-3715 (E.D.Mich.Oct. 16, 1986), the district court held that defendants had no duty to warn Raymond Ryntz of the dangerousness of cobalt because Carboloy was a "sophisticated user" of the product with full knowledge of its dangerous propensities. Defendants, therefore, could rely on Carboloy to warn its employees. Moreover, because Carboloy was aware of the dangerousness of its product, no implied warranty arose.
 
 
 3
 After review of counsels' oral argument, the record, and the briefs submitted in this case, we find no error warranting reversal. Therefore, we AFFIRM the judgment of the district court, the Honorable Robert E. DeMascio, Eastern District of Michigan, based upon the well-written and thorough analysis set forth in its order and judgment of March 18, 1988.
 
 
 
 [1]
 Defendants-appellees F & S Alloys, Li Tungsten, GTE Products Corp., Herman C. Starck, Metallurgical Industries, Inc. and Shieldalloy Corp. joined Outokumpu Oy's summary judgment motion. Defendant-appellee, Sherrit Gordon Mines, Ltd. filed a separate motion for summary judgment adopting Outokumpu Oy's memorandum of law. Since the district court's judgment, Afrimet-Indussa, Inc. settled with plaintiffs and the parties voluntarily stipulated to dismiss the appeal as to Multi-Metals, Inc. On appeal, defendants-appellees Outokumpu Oy and GTE Products Corp. filed briefs. The remaining defendants adopted the briefs of GTE Products Corp